Frank S. McCullough, J.
This is an action instituted by the owner of premises located in the City of Yonkers against the City of Yonkers and the Accredited Demolition and Construction Corp. The action was one of trespass in which the plaintiff sought to recover compensatory, exemplary and treble damages for the alleged willful, unlawful and malicious demolition of the building owned by the plaintiff and located at 67 Ravine Avenue, Yonkers, New York. The city’s answer to the amended complaint in effect admits that the city authorized the Accredited Demolition and Construction Corp. to demolish the building. In addition, it set up two defenses:
1. That the building was a public nuisance and was demolished in the interest of the public safety, health and welfare in accordance with the police power vested in the City of Yonkers by law.
2. That the building was demolished in accordance with the Charter and Code of Ordinances of the City of Yonkers after notice to the plaintiff.
The premises, 67 Ravine Avenue, Yonkers, New York, also known as Lot No. 43, in Block 2114 as described on the Official Tax Map of the City of Yonkers were conveyed to Ira W. Lucas on July 9, 1954, by Gertrude E. Lord, individually and as executor under the last will and testament of Howard W. Lord, deceased.
The consideration was $8,000, subject to a $6,000 mortgage executed the same day to Hattie R. Johnson.
This mortgage contained a provision that no building on the premises shall be removed or demolished without the consent of the mortgagee.
On February 3, 1955, Ira W. Lucas conveyed the premises to Ira W. Lucas and Marcelina Lucas for a consideration of $10. Thereafter on November 22, 1960, Ira W. Lucas and Marcelina P. Lucas, his wife, conveyed the premises to Marcelina P. Lucas for a consideration of $1.
The assessed valuation on the premises from 1955 to 1960 was land $2,400, improvements $7,400, less $1,000 veteran’s exemption. After the building was demolished, the assessed value for the year 1961 was $2,400 with the same veteran’s exemption.
The evidence disclosed that the premises, prior to December 10,1958, were occupied by nine families. There were three fires in the building prior to its demolition; the first, a three-alarm fire, which occurred on December 10, 1958, the second on November 24, 1959, and the third on December 2, 1959.
The evidence disclosed that the only notice received was one dated July 24, 1959, in which the plaintiff was advised that the building was unsafe and dangerous and that it should be taken *571 down and removed or made safe and secure. The plaintiff, thereafter retained counsel who went to the Building Department and the Corporation Counsel’s office and discussed the contents of the notice with the department and it is his testimony that he was advised to procure an architect’s report as to the reconstruction of the building and the matter would be held in abeyance. The defendant contends that there was an abandonment of the premises after the fire on December 10, 1958, which was approximately a year before the demolition was commenced. It is undisputed that the premises were not occupied and that an architect was retained by the owner. The architect surveyed the premises and when he returned to the premises for further detailed studies the premises had been demolished, and the demolition contract was awarded after public bid. It is the plaintiff’s contention that the premises were destroyed without due regard to the constitutional property rights of the plaintiff and that such demolition was willful and malicious.
The jury returned a verdict against the City of Yonkers for the sum of $10,000 compensatory damages, but found that the plaintiff was not entitled to treble damages, holding that the demolition did not come within the punitive provisions of the Penal Law. However, the jury found for the defendant, Accredited Demolition and Construction Corp.
On the question of damages the plaintiff had produced an expert who fixed a value that was quite obviously rejected by the jury as to amount. The defendants had not produced any expert to refute the testimony of the plaintiff’s expert, but, instead, rested upon the assessed valuation.
The City of Yonkers moved to set aside the verdict and for a new trial, pursuant to CPLR 4404, on the ground that the verdict was contrary to the law and the weight of evidence and that the verdict was excessive. Said defendant further moved that the verdict be set aside on the ground that it was against the City of Yonkers alone.
The plaintiff moved to set aside the verdict as inadequate, which motion was subsequently withdrawn, and to ‘ ‘ reinstate ’ ’ a verdict against the Accredited Demolition and Construction Corp. under CPLR 4404 or CPLR 4405. The plaintiff also moved that in the event the verdict was sustained that the plaintiff be awarded interest.
While the emphasis in recent years has been on the rights of the individual, the court, nevertheless, recognizes that the municipality, under certain circumstances, pursuant to its police powers, resorts to drastic remedies.
*572 While authority has been legislatively conferred upon the City of Yonkers to adopt a procedure for the demolition of property where necessary,' the authority to enact such legislation does not dispense with the constitutional requirement that property may not be taken without due process of law or without just compensation.
The record of this case indicates that the City of Yonkers acted in peril in proceeding with the awarding of the contract to the defendant, Accredited Demolition and Construction Corp., to demolish the subject structure. Property rights cannot be lightly pushed aside on the theory that the government has the power to act in the best interests of the community. The statutory procedure under which the City of Yonkers acted, in the opinion of the court, was woefully inadequate and was and is in need of a complete study and revision. The public interest can be protected without a violation of constitutional rights by the enactment of a properly drawn ordinance.
The court denies the motion by the City of Yonkers.
With respect to the plaintiff’s motion, the court will treat such motion as a request for a directed verdict in favor of the plaintiff against the defendant, Accredited Demolition and Construction Corp. In the opinion of the court, the testimony adduced requires that a directed verdict against said defendant be granted in the light of the jury’s finding against the City of Yonkers. Since no cross complaint has been served by the defendant, Accredited Demolition and Construction Corp., against the City of Yonkers the said defendant contractor can only pursue its further remedy through an independent action against the City of Yonkers, if it be so advised.
The court does not intend to substitute its judgment as to damages for that of the jury, particularly in view of the fact that the jury’s verdict was far below the amount determined by the plaintiff’s expert.
The court directs that the plaintiff shall receive interest at 3% from the date of the demolition, pursuant to section 3-a of the General Municipal Law.
All other motions upon which decision was reserved are denied.